IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FARIDA NANGYALAI,

    Plaintiff,                      No. CIV S-08-967 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.                <u>ORDER</u>

          /

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. <u>Factual and Procedural Background</u>

In a decision dated October 25, 2007, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has a severe impairment of seizure disorder but this impairment does not meet or medically equal a listed impairment; plaintiff has the residual functional capacity to perform work at all exertional levels but with no climbing of ladders, ropes or scaffolds, and no exposure to hazards, including working around machinery or at heights, no driving and no swimming alone; plaintiff has no past relevant work; and using Grid Rule 204.00 of the Medical-Vocational Guidelines and based on the testimony of

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.

1  a vocational expert, plaintiff is not disabled. Administrative Transcript ("AT") 16-19. Plaintiff

2  contends the ALJ failed to appropriately develop the record with respect to her alleged

3  impairment of depression.

4  II.  Standard of Review

5  The court reviews the Commissioner's decision to determine whether (1) it is

6  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

7  record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

8  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

9  Substantial evidence means more than a mere scintilla of evidence, but less than a

10  preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

11  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a

12  reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

13  U.S. 389, 402 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

14  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir.

15  1986), and both the evidence that supports and the evidence that detracts from the ALJ's

16  conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may

17  not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.;

18  see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports

19  the administrative findings, or if there is conflicting evidence supporting a finding of either

20  disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d

21  1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was

22  applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

23  III. Analysis

24  Plaintiff contends the ALJ failed to develop the record in that a consultative

25  examination was not ordered regarding her depression. Disability hearings are not adversarial.

26  See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d

251, 255 (9th Cir.1996) (ALJ has duty to develop the record even when claimant is represented). Evidence raising an issue requiring the ALJ to investigate further depends on the case. Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir.1991). "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288).

In this case, there was no ambiguous evidence that required the ALJ to further develop the record with regard to plaintiff's depression. A consultative examination is appropriate when the medical evidence is incomplete or unclear and undermines an ability to resolve the disability issue. 20 C.F.R. §§ 416.917, 416.919a. Ordering a consultative examination ordinarily is discretionary and is required only when necessary to resolve the disability issue. See Armstrong v. Commissioner of Social Security, 160 F.3d 587, 589-90 (9th Cir.1998) (where record unclear as to determinative issue, ALJ committed reversible error by deciding issue without consulting medical expert).

In plaintiff's disability report and request for reconsideration, she stated that seizures and fainting limited her ability to work. AT 49, 61, 104, 135-136. There was no evidence of mental impairment at the field office disability interview. AT 112-113. Although plaintiff was represented at the hearing by an attorney, no mention was made, nor was any testimony elicited, with respect to any mental impairment. AT 20-34. Plaintiff alleged depression as an impairment only after the hearing. AT 141-142. The ALJ correctly noted that plaintiff received only minimal treatment for depression through prescription medication and that the internal medicine consultative examiner opined plaintiff exhibited only mild symptoms of depression. AT 16, 173-176, 311, 319, 365, 369.

/////

The medical evidence was not incomplete or unclear, and no objective evidence suggested that further development to explore plaintiff's mental status was necessary to resolve the disability issue.  A consultative examination was not required under these circumstances.  The ALJ committed no error with respect to developing the record.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross-motion for summary judgment is granted.

DATED: September 29, 2009.

_____
U.S. MAGISTRATE JUDGE

006
nangyalai.ss